I now testify before the people of the state of Illinois, on behalf of Thomas DeRogato v. Euston v. Moran, on behalf of Steven Verrill. Good evening, Your Honors. I'm Steve Verrill, with the Office of the State Appellate Defender, 3rd District, for the defendant appellant Ruben Moran. I'm here to please the Court. In this case, my client was convicted. He entered an open, guilty plea to aggravated driving under the influence. He subsequently was sentenced in his absence. When he returned to court, he filed a motion under Section 115-4.1e of the Code of Criminal Procedure, challenging the propriety of the Court's decision to sentence him in his absence. He took a timely appeal from the denial of that motion. And on appeal, I've argued, as issue one, that he never should have been sentenced in his absence in the first place because he was not properly admonished about the possibility of trial and, therefore, sentencing in his absence. And, second, that his sentencing hearing was fatally defective because there was no pre-sentence investigation report. Now, going to the second issue, the State agrees that there was no pre-sentence investigation report and that this makes the sentencing hearing fatally defective and that the sentence would have to be vacated and there would have to be a remand for resentencing if this Court had jurisdiction to reach that issue. However, the State argues this Court does not have jurisdiction to reach the issue. The State is incorrect because Section 115-4.1e of the Code of Criminal Procedure allows the defendant to file a motion challenging the propriety of their sentence when it occurs in their absence. And Section G of that statute says that a defendant whose motion for a new trial or sentencing hearing has been denied may file a notice of appeal, therefore. And the second part says such notice may also include a request for review of the judgment and sentence not vacated by the trial court. Now, the State agrees that my client took the time to appeal from the denial of his Section E motion. So there's no dispute about that. The State agrees that this does give this Court jurisdiction to hear any issue related to the propriety of decision to sentence him in his absence. The only disagreement that the State has is that the State does not believe that Section G creates jurisdiction to hear claims of error as to the sentence itself, like the fact that there was no pre-sentence investigation report. And why was there no PSI? There was no PSI in this case because the proper procedure was not followed. One, it is possible to repair a pre-sentence investigation report. Most of the sections, indeed, can be completed without the defendant. And the defendant can choose not to participate in a pre-sentence investigation report even if the defendant is present. So the Court, unfortunately, believed erroneously that a PSI could not be done in the event when you have an absent defendant. But a PSI can still be done even if you don't have a defendant interviewed. So that's really what you're saying. A PSI consists of more than just interviewing the defendant. It's a review of the defendant's prior criminal history, etc. Correct. Which does not require cooperation of the defendant. Correct. Or the presence of the defendant. Correct. So the plain language of Section G allows this Court to reach the issue. The multiple districts of the appellate court have specifically reached the merits of a claim of error in a trial or sentencing proceeding that happened in a defendant's absence. In this same situation, Williams and Dupree are two of those. Other courts have said, Manachowski, that it's possible to have that review if it's a 5th district case. The state has attempted to rely on Giebel v. Priest, which held the opposite, said there was no jurisdiction. But that case is not there. And it was poorly reasoned. Because the reasoning in that case was that, well, there's a conflict between the review that Section G allows and Rules 606 and 604D. And the conflict that it's discussing is that Section G allows the defendant to raise these issues. There's direct appeal issues, essentially, even though it's past the 30 days to file a post-trial or post-play motion and take an appeal to denial that motion. However, the Supreme Court has said in Part T that this Section E motion is akin to a collateral appeal. And the reasoning of that case very strongly supports the reasoning of the appellate court in Williams and Dupree, which found that there is no inconsistency between Rules 606 and 604 and the review allowed under Section G. The reasoning for that being that this is a collateral appeal. Paragraph E motion is a collateral attack on a sentence entered in someone's absence. And the appeal from that motion is proper under Rule 606 when it's taken. I'm going to interrupt you just for a second. You keep referring to it as a Section E motion. Yes. Was that section cited in the motion itself? Was there any statutory authority cited in the motion to vacate? No. So why are you calling it an E motion? Well, in this case, the state doesn't dispute that it's a paragraph E motion. And there are reasons.  Yes. Is that your answer? All right. I appreciate that. That's a pretty good answer. Okay. I could say more, but it sounds like there's no need. The state's conceded it. Yes. Yes. So another reason that, again, it's a collateral appeal. There's no inconsistency with Rule 606 and Rule 604. And essentially, those cases that have held that there's no inconsistency and that Section G allows you to reach claims of error in the sentence are consistent with the legislative intent of the sentencing and abstentions statute because there would be no way for a defendant in my current situation to take a direct appeal if Section G did not provide jurisdiction. And that's because someone who pleads guilty and that is sentenced in their absence, counsel cannot file a post-plea motion in their absence because 604D, Illinois Supreme Court Rule 604D, requires that counsel consult with the defendant and certify that he or she has done so before you can file a post-plea motion and take an appeal from that. So Section G is the only way for an appeal to be possible. And the legislature included Section G in the sentencing and absentia statute because the purpose of the statute is to allow sentencing and absentia under a certain limited set of circumstances, but to also protect the constitutional rights of defendants and make sure that they still have all the procedural and constitutional rights that they would otherwise have if they were present, including the right to an appeal. And without that section, if this court did not have jurisdiction in the situation, that would mean that serious errors such as, in this case, lack of a pre-sentence investigation report, possibly a sentence that was beyond the statutory limit, improper extended term, those kinds of issues, there would be no way for a defendant who pled guilty and then was sentenced in his absence to challenge those issues. So this court should follow the reasoning of Partee and Williams and Dupree and find that it has jurisdiction and should go on to find that there is no, because there is no pre-sentence investigation report, it should vacate the sentence and remand for a new sentencing hearing. Now I've also argued that this court could find that there was no, that this court could also vacate the sentence and remand for resentencing for another reason, which is a lack of proper notice to my client of the possibility of sentencing in his absence. Is this your first issue? Yes. Okay. I don't want the roadmap. Okay. Yes. Issue on that. Yes, on my first issue. And this first issue is basically very similar to what this court's decision in People v. Lane. It's based on that essentially. The state doesn't dispute that there's jurisdiction to reach this issue because, again, it agrees that we've got Section 115, 4.1 paragraph e-motion. So there's jurisdiction to reach this issue. The state agrees that this issue hinges on whether there was an oral admonishment at the arraignment because there has to be an oral admonishment at the arraignment or later in order for it to be proper. And so the question is whether or not there was one at the arraignment. Now, there are no transcripts of the arraignment. They were never made. That's the same situation as in Lane. And in Lane, the court found that the common law record supported the argument that the defendant's argument in that case, even though there are no transcripts. That admonishments were made. In Lane or here? I didn't hear what you were saying. Oh, I'm sorry. Can I go through it again? Sorry, absolutely. If there's no transcript, then there can be reliance on what? The common law record. Okay. So, yes, here what happened was there is a docket entry in the common law record and another certificate of admonishment in absentia in the common law record on a prior day, a day prior to the arraignment. And there are transcripts from that day. That shows that he was orally admonished by the judge on that day. Now, that was an improper admonishment because it happened before the arraignment. But on the day of the arraignment, the day we do not have transcripts, the common law record does not include that same certificate of admonishment and the docket entry does not include a recognition that an admonishment occurred. So what happened on the prior day? The prior day, he was orally admonished by the judge, and that was documented. And on the arraignment, the fact that it was not documented shows that it didn't occur, even though we don't have the transcripts. And that's on point with Peete versus Lane, which is a situation where the issue is whether a not guilty plea was entered on a specific date. And so there were transcripts of one date where there was not guilty plea, and it was indicated in the common law record that there was not a guilty plea entered on that date. And then the court looked to a prior date. There are no transcripts for that date. And the court looked at that. This court looked at it and said that the fact that there was no common law documentation on that date meant that there was no plea on that date, even though there are no transcripts of it. So the situation is really very similar to what happened in Lane, where this court found that the common law record supported the defendant's claim, even though there were no transcripts. If there are no additional questions at this point, I'll just ask that this court reverse or vacate my client's sentence and remand it for re-sencing. Thank you. Thank you, Mr. Farrell. We have police in court. Good afternoon, your honors, counsel. Thomas Rowland on behalf of the people. I'll keep my comments short. I think the briefs basically handle most of the arguments. As to the first issue, the common law record is silent as to whether there was admonishments on August 10th, 2006, which was the actual arraignment. It had been admonished previously at the first appearance, but that does not carry over once the new indictment is filed. So the question is whether the absence of a record can be held against the defendant, who has the burden of producing the record on appeal. Our position is because he disappeared for about almost 10 years since the arraignment, eight years since his sentence, that it should be held against him for failure of the transcript or report of proceedings to be able to be produced. So as to the second issue, it was treated below, Justice Wright, it was treated below as 115-4.1 motion, therefore. E motion. It was just treated in that way. It was just treated in that way, and Judge Jones had basically adopted our position and the position increased, which was that because he could have filed a, well, he had 30 days from the date of his sentence to file an appeal or some sort of motion, but because he absconded, he did not. So. I appreciate that, and it's somewhat ironic that he was gone for about nine years, and the sentence imposed was nine years. It's just an ironic twist. But looking at Section G of 115-4.1, is there a requirement that it is a timely motion under Paragraph E? Because we do see in other rules and statutes that a timely motion can give rise to an appeal, the denial of a timely motion. Well, I guess it doesn't specify. It doesn't. Time. So, arguably, I mean, we have cited Priest and rely upon Priest. Obviously, there are other cases that have gone the other way and have found that that was the, could still be considered the merits of it. What district decided Priest? First District decided Priest. Dupree, which is also a First District case, and there's a Second District case in Williams. So there isn't a case out of this district? No, there is not. So this may be this court's first opportunity to address that issue. We would respectfully request that you file a Priest, but certainly there are. So can you address the timely, can it be an untimely motion that's denied? Because the statute says you can appeal the denial. Well, it's timely in the sense that you filed an appeal from the denial of this 115 motion. So as far as, no, it does not address, it's silent as to whether the, it would be timely within the 30 days after the original sentence. And I recognize that the incongruity of the 115 dash 4.1 language and 606, how could a defendant reserve that if he, but then again, on the other hand, as the Priest court talks about, it's his responsibility. He's been out months or years later, the court talks about, that creates the problem. Doesn't he still have the burden, though, if it does go back? The defendant still has to show that his absence was not, it was unavoidable. And he's got the burden on that. Well, absolutely, absolutely. The one problem, though, which we recognize and have conceded is that the PSI was not properly completed. I mean, that was, I don't know why, absent the interview with the defendant, they could have still produced a report. But again, 10 years goes by, the record becomes a little bit muddier. Okay, I appreciate your input. So if there's no other questions, we would otherwise request this court affirm. Thank you. Thank you. Mr. Vero, your department. Mr. Vero, I'm going to interrupt your train of thought before you even get started. Sure, go ahead. Do you think allowing the state's motion to strike is a denial of the motion on the merits? Well, the judge... I'll tell you why I'm worried about it. If the judge made a mistake by striking the motion because it didn't have to be filed within 30 days, it could be an untimely motion that's denied. That's why I'm worried about it. There's a difference between striking a motion and not considering the merits and ruling on the motion. Do you see that distinction or not? Well, here it appears what the judge did is reach the merits of the Section 115E portion of the motion, claiming that the client was not willfully absent. Oh, I don't think so. And I could stand corrected, but I think I have the order in front of me. Your Honor, I do believe that the judge struck the portion of the motion that was to reconsider the sentence because the judge found that part of it was a late motion to reconsider sentence, which wouldn't be allowed, but the other part of it, if you look at the court proceedings, you can see that the judge addressed the merits of that. Okay, and I'll go through the record. The court order that I have that was signed on October 28th says everybody's present, hearing held, and the people's motion to strike is granted, and that's all. It doesn't make any findings. Correct. But I think, yeah, if you look at the report of proceedings, you'll see that the judge did, in fact, make a decision and say that the excuse that was given in the 115E motion was not sufficient to mean that his absence was willful. And the judge had also considered the question of whether he was properly admonished, and the judge found that he was, relying on the improper admonishments that were either written or before the arraignment. So the judge did reach those issues on the merits, but it was an error. So you're not requesting the relief of let's just send it back and give the defendant a chance to show why he didn't appear. You think that's already happened? No, yeah, what we're asking is for a new sentencing hearing because we believe that the record – That's the absence of the PSI issue. The absence of the PSI and also the fact that the propriety of the decision to sentence him in his absence was an error. And so that is essentially something that courts have stated that that means that he was – his absence was not willful. And essentially that's because there are three elements of a prima facie case of willful absence. The first is that the defendant was told about the possibility that he could be tried or sentenced in his absence. And the second is that he knew the date of the proceeding. And the third was that he was not present. So there's a prima facie case, and Section E allows the defendant to rebut that. And here the record shows that that essentially was rebutted. Sentencing in his absence was improper. How was it rebutted? Because the record shows that he wasn't properly admonished about the possibility that he could be tried and therefore sentenced in his absence. So that first element. Because it wasn't done after the arraignment. That's correct. Yes. And so there are court cases – Pontillo is one, and Ramirez is a Supreme Court case that I've cited. Both of those reviewed this issue where there was an allegation that one of those three elements of willful absence was negated in a Section 115E motion. So the Supreme Court has considered that particular issue in that context as well. Okay, I'm going to pepper you with more questions because this is my only opportunity. Please do. You're not arguing that the sentence was void. I think I understand your argument correctly, and I'm reflecting on Castleberry. This sentence imposed without the correct admonishments in absentia would be voidable. And hasn't that been waived because your client didn't appear within the first 30 days? No, the reason that that can be reached is because of this collateral proceeding. The Paragraph E motion is a collateral proceeding. It's akin to a post-conviction petition or a 214-1 petition. It doesn't require an allegation of voidness or an allegation of a constitutional claim of error. It just requires that a defendant file this motion challenging the propriety of the decision to sentence him in his absence. And courts have held that that can be filed at a time. And so when that collateral proceeding is initiated, the judge hears it and denies it. The defendant can appeal within 30 days of that, and this court can reach the merits of a claim as to both whether the motion should have been granted, whether the defendant was willfully absent, basically on the first issue that we've argued, and then also reach the merits of any claims of error in the sentence itself, which is the pre-sentence investigation report issue that we've argued. Okay, you've done a nice job of answering my questions. So now you can start your rebuttal. So what you're asking for is a do-over, correct? A do-over in terms of a PSI and a sentence? A new sentencing hearing, correct. Yeah, a new sentencing hearing. Well, there's going to be a sentence after a sentencing hearing. Yes. Because we have a plea of guilt, correct? Yes. Okay. And we're not challenging that. No, okay. You pled guilty, so it's just a question of a new sentence. So that's the relief you're seeking? Correct, to vacate the sentence and remand for a new one. As to the first issue? Yeah. Correct. And as to the second issue, the fact that there's no pre-sentence investigation report. And the state has conceded in both of those situations that if the admonishment didn't occur at the arraignment, that would be a situation where you have to have re-sensing. And if there's no PSI, that would also require re-sensing. So the only question is, does the record support it for issue one? And for issue two, is there jurisdiction? We just didn't have a review. Yes. Okay, one more question from me. Since there isn't a record, a lot of times at that first appearance, defendants will waive the formal reading. And I presume waive the warnings in absentia. We just don't know whether that happened in this case because we don't have a record. Is that correct? Well, I'm not sure if it's typical to see defendants waive their admonishment of trial in absentia. I don't know that that can be waived. I think there's some case law that, if I recall correctly, I may have cited a case law in my briefs that says that that is not something that can be waived. What's the distinction between the first appearance and arraignment? Well, the first appearance here occurred right after he was arrested, and no plea is entered on that particular day. And Section 113.4, which requires the admonition, says that it has to happen at the arraignment when a plea is entered. And so that would be the defect of doing it prior to the arraignment. So the first appearance is for a purpose of what? Well, different purposes can be accomplished at the first appearance. Counsel can be appointed. There could be reading of the charges and that sort of thing. That's correct. Not could be. There has to be. Yes. Correct. Correct. But the admonishment of trial in absentia is a little bit different than one of those types of situations because it's something that, again, can't be waived. It needs to be done in order to allow, essentially, the defendant to waive this particular constitutional right to be present. He signed a bail bond, though, that had the in-absentia warnings in it. Is that sufficient? No. This Court already held that that was not. Well, the Supreme Court, in fact, has held that that's insufficient in Peeble v. Phillips. So it's established law now that the written admonishment is not. And I guess there's a requirement that there be some more formality is the reason behind that. It's done on a day, orally, by the judge on a day when the defendant enters a plea because there's heightened sense of formality on that occasion. And that's been the reason, I think, of the Supreme Court and of this Court in Peeble v. Lane. And that happened on August 10, 2005, and that's the proceeding you don't have a transcript of. That's correct. Similar to Lane. There was no transcript in that particular case in this Court. This Court reversed the defense conviction and remanded for a new trial based just on the common law, reasoning that if it's documented in one place in the common law on one day, that it would be documented on the other day if it happened. And here we have the same situations. If it had happened at the arraignment, it would have been documented in the common law just as it was on the first day when the improper image was given. And I believe we've covered three questions. Essentially, my rebuttal. Are there any additional questions? I feel bad that I haven't asked you any questions. Feel free to come up. All right. Well, I think we're done. Okay. That's all I have. Thank you. Thank you both for your time today.